OLE O. WATNE, as Executor of the Last Will of Ole O. Watne, Deceased, and Ole O. Watne and Johanna Watne, Respondents, v. NINA C. HALVORSON, Appellant.

(204 N. W. 4.)

**Vendor and purchaser — receipts for partial payments, signed by vendor, held not to show satisfaction or full payments of prior installments of purchase price.**

1. In an action to foreclose a land contract, certain receipts for partial payments, signed by the vendor, are construed and held not to evidence satisfaction or full payment of prior installments of the purchase price.

**Vendor and purchaser — evidence held to support finding that option provision giving purchaser right to conveyance of land did not become operative.**

2. The evidence is examined and held to support the finding of the lower court that an option provision in the contract, under which the purchaser had the right upon certain conditions to a conveyance of the land or to the conveyance of eighty-acre tracts thereof, did not become operative.

Opinion filed May 26, 1925.

Vendor and Purchaser, 39 Cyc. p. 1897 n. 74.

Appeal from the District Court of Ward County, *Kneeshaw, J.* Affirmed.

*Halvor L. Halvorson* and *K. E. Leighton,* for appellant.

Simple interest in the straight interest computed on the principal sum from the time when by the terms of the contract interest is to commence to the time of payment or judgment. Hovey v. Edmison, 22 N. W. 598.

Defendant's unqualified refusal constitutes a waiver of an actual

tender even if required by law; such refusal constitutes a breach of the contract. Foster County Impl. Co. v. Smith (N. D.) 116 N. W. 663.

*James Johnson*, and *McGee & Goss*, for respondents.

As to the computation of interest where partial payments have been made upon a debt bearing interest the rule sanctioned by the decisions or statutes of most of the states, and commonly known as the United States rule, is to apply the payment, in the first place, to the discharge of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of principal remaining due. If the payment be less than the interest, the surplus of the interest must not be taken to augment the principal; but interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance as aforesaid. 33 C. J. 250.

BIRDZELL, J. This is an action to foreclose a land contract. The plaintiff had judgment below and the defendant appeals. The case is here for trial de novo. The contract in question was entered into on the 13th day of August, 1915 between Ole O. Watne, since deceased, and Nina C. Halvorson. It provided for the sale by the former to the latter of about 360 acres of land in Ward County, near the city of Minot, for the sum of $8500.00. The consideration was payable, $500.00 on or before November 1, 1915, $1500.00 on or before November 1, 1916, and the balance in installments of $1000.00 annually thereafter, with interest from March 1, 1916 at the rate of 6 per cent. The contract contained a provision that when the purchase price should be paid in sufficient amount to leave a balance of not more than $5,000.00 unpaid, the purchaser would be entitled, at her election, to a deed, being required to secure the balance of the purchase price by a first mortgage on the premises. It contained a further stipulation that the purchaser might have separate deeds for eighty-acre tracts whenever the remaining purchase price unpaid should not exceed $20.00 per acre on the residue. The purchaser went into possession under the above contract and remained in possession for several years. The action is predicated upon alleged defaults in the payment of the purchase price

to the extent of $6800.20, and to the further extent of $166.88 delinquent taxes paid by the plaintiff, as well as $894.46 representing unpaid taxes for the years 1919, 1920, 1921 and 1922. The defendant denies that she is in default as alleged and asks for affirmative relief under the, clause in the contract providing for the conveyance in eighty-acre tracts upon payment of the stipulated portion of the consideration. She pleads that on March 18, 1920 written notice was served of her election to take a separate deed to a certain prescribed eighty-acre tract and claims that the plaintiff was thereafter in default through non-compliance.

The trial court found that prior to March 1, 1916, the date from which interest was chargeable there had been paid on the contract $669.00 leaving a balance of $7831.00 and that after March 1, 1916 payments were made as follows: November 9, 1916, $200.00; December 12, 1916, $400.00; November 5, 1917, $230.00; January 24, 1918, $200.00; August 7, 1919, $1500.00; March 18, 1920, $1000.00. It further found that at no time during the life of the contract had the balance due thereon been reduced to such an amount ($5600.00) as would make operative the provision for conveyance in tracts of eighty acres. It found, however, that the defendant had served notice under this provision in March, 1920 which was unavailing, by reason of the defaults and of the defendant, to bring her within this option clause. An interlocutory judgment was entered giving the defendant an opportunity to cure the defaults or redeem by paying $8756.75, with interest from December.20, 1923, together with unpaid and delinquent taxes. Upon the failure to comply with the interlocutory decree, judgment was entered canceling the contract and for costs.

The principal contention upon the appeal is that the trial court erred in computing the amount due and that other errors resulted therefrom. The argument depends largely upon the effect of certain exhibits. This may be best understood by referring to the exhibits themselves.

Plaintiff's Exhibit "I" is as follows:

"Nov. 5th, 1917.

"Received from H. L. Halvorson to apply contract of purchase to N. C. Halvorson of the Watne farm west of Minot the sum of $230.00

to cover this year payment except $200 to be paid during December
1917 balance extended until Nov. 1918.

Nov. 5th, 1917.

Ole O. Vatne.'

Plaintiff's Exhibit "H" is as follows:

"I, the undersigned, Ole O. Watne, being the owner and holder of
Contract for deed issued by me to Nina C. Halvorson of Minot, N.
D. dated August 13th, 1915 covering the Northwest Quarter and the
West half of the Southwest Quarter and the Northeast Quarter of the
Southwest Quarter and the West Half of the Northeast Quarter, all
in Section 15, Twp. 155, Rge. 83 containing 360 acres, do hereby ac-
knowledge payment of the sum of Two Hundred Dollars, being the
balance of the payment agreed to be paid during the year 1917 and
hereby satisfy said contract and acknowledge performance thereunder
as to conditions accruing prior to this date.

Dated at Minot, N. D. January 24th, 1918.

Ole O. Vatne."

It is stated that in the course of the performance of the contract
in question numerous small payments were made from time to time
and that the effect of the receipt last above quoted was to acknowledge
full performance of all the obligations of the original contract down
to the date of that receipt. Reference to the contract will readily dis-
close that payments accruing, exclusive of interest, prior to January,
1918 were as follows: November, 1915, $500.00; November, 1916,
$1500.00; November, 1917, $1000.00; total $3000.00. There is a
receipt in evidence, however, indicating that there was paid in 1915
$650.00 or $150.00 more than the contract called for. There are two
receipts for payments made in 1916. One dated November 9, 1916
acknowledges receipt of $200.00 to apply on the contract and it pro-
vides that the balance of the payment for 1916 in the sum of $400.00
is to be paid later in the season "and the contract to run as before."
The second receipt is dated December 12, 1916 and acknowledges re-
ceipt of $400.00 to apply on the purchase price "as per agreement."
The next receipts are those above quoted in full, namely of November
5, 1917 and January 24, 1918 for $230.00 and $200.00, respectively.
It is counsel's contention that all of the payments made are not evi-

denced by separate receipts, and that since the receipt of January, 1917 recites a satisfaction of the contract and acknowledges performance as to conditions accruing prior to its date, it must operate as a satisfaction of all payments of principal and interest. Giving to this receipt the effect claimed for it, there would be a balance owing upon the contract in November, 1917 of $5500.00, with interest at 6 per cent from January 24, 1918, of which $1000.00 would be due November 1, 1918, and so on for the following years. There are receipts in evidence showing the payment of $1500.00 on the contract in August, 1919, and of $1000.00 on the 18th of March, 1920. The purchaser demanded a deed to eighty acres at or about the time of the March payment. It is contended these payments reduce the balance to the point where the purchaser was entitled to a deed for the eighty-acre tract as demanded.

In the state of the evidence here, we are unable to adopt the appellant's construction of the receipt of January 24, 1918. On the trial the appellant's counsel stipulated "that the contract and those receipts, so far as the defendant knows, covers this whole transaction; that I (Counsel was the husband of the appellant and her agent and stipulated that she was bound by his acts) know of no other receipts and that I have no personal knowledge of the payments, they run a long time; the receipts on their face tell the story, whatever it is." While there is some attempt to qualify the effect of the above stipulation by limiting it to an admission that the receipts, which were offered by the plaintiff, were correct, as far as they went, it still stands, in our opinion, as the admission of the defendant that her husband and agent, who transacted all business with reference to the contract, had no knowledge of any other payments being made than those evidenced by the receipts. In our opinion, the receipt of November 5, 1917, in addition to acknowledging the payment of $230.00 evidences a contract or understanding whereby, upon the payment of an additional $200.00, at an agreed later date, the balance of the $1000.00 payment due in November, 1917 was to be extended until November, 1918. (This would make the November, 1918 installment $1570.00, and interest.) Otherwise, the last clause in the receipt "balance extended until November, 1918" would be meaningless; for, if the payment of $200.00 would *complete* the 1917 installment of $1000.00, obviously

there would be no *balance* to extend. Turning now to the receipt of 1918, which evidences the payment of the $200.00 "being the balance agreed to be paid during the year 1917": reading this much of the receipt in the light of the previous receipt, it would seem that the seller had agreed to take $430.00 as the 1917 payment in lieu of $1000.00, for which the contract called, and to extend the balance of $570.00 until November, 1918. In the light of this construction, what is the significance of the remaining clause "and hereby satisfy said contract and acknowledge performance thereunder as to conditions accruing prior to this date"? We are of the opinion that this clause can not reasonably be construed as an acknowledgment of the payment of sums that had not been in fact paid, or that had been extended to some future date. If such had been the purpose, it would seem that a simple acknowledgment of receipt in full for all prior payments due would have served the purpose much better than the language employed. We think that the expression used rather implies indulgence on the part of the vendor extended to the vendee and that the vendee, whose agent wrote the certificate, desired to have an acknowledgment which would preclude the vendor from foreclosing the contract for a breach of conditions, the full performance of which was waived. It would seem that the reasonable construction of the receipt is that the $200.00 paid was a balance of the particular payment which it was agreed should be received in lieu of the $1000.00 due November 1, 1917, part of which was *"extended"* until November, 1918. At any rate, we are clear that, under the evidence, and particularly the stipulation of appellant's counsel and agent in the court below, these receipts for partial payments can not be construed as satisfying *in full* the definite obligations of the original contract. It follows from this that at the time the action was brought there was due upon the contract the full amount of the contract price, with interest from March 1, 1916 at the rate of 6 per cent per annum, less the payments evidenced by the receipts as construed above.

In the appellant's brief there is some discussion of the question of interest. A computation is made, the evident purpose of which is to show that on March 18, 1920 (when the attempt was made by the purchaser to secure a deed to eighty acres under the terms of the contract) the amount of the consideration remaining unpaid was less

than $20.00 per acre on the remaining land, and in the further effort to show that there was much less due on April 1, 1924 than is reflected in the interlocutory judgment. In the computation made, it appears that the appellant has treated the receipt of January 24, 1918 as evidencing full payment of all prior installments due to November 1, 1917 and has started the calculation upon the supposition that at that date, November 1, 1917, there was $5500.00 remaining unpaid. In the view we take of the matter, as stated above, these receipts do not evidence the payment of the $3000.00 due up to and including November 1, 1917, together with interest, but, on the other hand, they evidence the payment of not to exceed $1699.00 in all. Starting with the premise that, of the $3000.00 in installments of principal due on or before November 1, 1917, and of the 6 per cent annual interest starting in March, 1916, there was paid only $1699.00, under no rule of interest calculation can it be determined that there was ever a time during the life of the contract when the deed feature became operative. There is no personal judgment in this case, except for costs, and as we do not understand appellant's counsel to contend that any substantial right under the contract is affected by the interest if the deed option provision can not be invoked, it is unnecessary to further consider the matter of interest.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and NUESSLE, JJ., concur.